IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMY R. MAEZ,

       Plaintiff,

v.                                                                        CIV 09-1176 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,[1]

       Defendant.

## ORDER GRANTING § 406 ATTORNEY FEES

Following a previous award of EAJA fees and a fully-favorable decision upon remand, this matter is before the Court on Plaintiff's motion for an award of $8,551.25 in attorney fees under 42 U.S.C. § 406(b)(1). *Doc. 26.* Counsel will refund the EAJA fees to Plaintiff after subtracting the amount due for gross receipts tax. *See id.* at 2. The Commissioner has no objection to the reasonableness of the requested fees, which is well under the 25% limit as the amount requested is "14.6% of Plaintiff's past due benefits," *Doc. 28* at 4, but the Commissioner "does question Plaintiff's request for reimbursement for gross receipts tax," *id.* at 1.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

As counsel for Plaintiff notes, and as the record reflects, counsel did not specifically request gross receipts as part of the calculations for the prior EAJA award or the present § 406 request.  Those fees are deducted from the client's overall recovery as matter of contract between her and her attorneys.  Counsel expended 26.15 attorney hours at the district level, and so his present demand of $8,551.25 for § 406 fees amounts to an hourly rate of approximately $327 an hour.  That is approximately double the hourly rate claimed in the EAJA fee petition yet, as noted at the outset and conceded by Commissioner, it is well below the cap on contingency arrangements.  Based on the documentation counsel has submitted in support of EAJA and § 406 fees, gross receipts taxes technically have not been requested or reimbursed. *See Doc. 22* at 3; *Doc. 22-1, Doc. 22-2; Doc. 22-3; Doc.26* at 3; *Doc. 26-4* at 3-4; *Doc. 29* at 1; *Doc. 29-1.*

Thus, the result here is consistent with the reasoning of Judge Lynch in *Romero v. Astrue,* CIV 10-0580 WPL, which the Commissioner attached to her response.  There, the court denied gross receipts when counsel specifically requested them as part of the EAJA calculation.  *See Doc. 28-1.*  That is not the case here.  Any further challenge the Commissioner wishes to make to the practice presently employed by Plaintiff's counsel lies with the Tenth Circuit.

Having reviewed the motion, the response, and the record, I find that an award of attorney fees is appropriate and that the amount of fees requested is reasonable.

Wherefore,

**IT IS HEREBY ORDERED that** Plaintiff's motion for attorney fees *(Doc.26)* is GRANTED.  Counsel is awarded $8,551.25 for legal services rendered before this Court and shall allocate monies consistent with the calculations set forth in the motion.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE